## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2016, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victor S. Perez, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 14, 2016 <br><br> Court of Appeals Case No. <br> 02A05-1605-CR-1065 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D04-1510-F5-284 |

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Victor S. Perez, Jr., was convicted of Level 5 felony criminal confinement, Level 6 felony strangulation, and class A misdemeanor battery. On appeal, Perez argues that the State presented insufficient evidence to support his convictions.

[2] We affirm.

## Facts & Procedural History

[3] On the night of October 3, 2015, Perez and his girlfriend, S.L., were listening to music and drinking alcohol at Perez's apartment. An argument ensued when Perez became angry at S.L. for singing along to a song with lyrics about a woman cheating on her boyfriend. S.L. told Perez that she was leaving, and Perez hugged her and would not allow her to leave. S.L. then tried to call her mother to ask her to pick her up, but Perez took S.L.'s cell phone and hid it. S.L. found her phone when it started ringing, and she managed to call her mother and scream for help before Perez took the phone from her again.

[4] S.L. tried to leave again, but Perez stood in front of the door, and S.L. slapped him in the face. Perez then pushed S.L. down into a garbage can, choked her, and spit in her face. When S.L. was finally able to escape from Perez's grasp, she grabbed his keys and ran outside. Perez chased her and dragged her back inside by her hair. Perez then took the keys and locked the door to the stairway leading to his apartment door. The door had a deadbolt that required a key both to enter and to exit.

[5] Once back inside the apartment, Perez locked himself inside a bedroom and threatened to kill himself. S.L. believed that Perez had a gun because she "could hear it cocking back." *Transcript* at 44. S.L. then ran out of the apartment and down the stairs, but she could not leave the building because the exterior door was still locked and she did not have the key. Meanwhile, S.L.'s mother had arrived, and she used a tire iron to try to break the glass in the door to free S.L., but was unable to do so. When police arrived, S.L. and her mother frantically explained that Perez had a gun and that S.L. was trapped inside. The officers broke the glass surrounding the exterior door in order to pull S.L. to safety.

[6] After S.L. escaped, Perez refused to come out of his apartment, and the ensuing four-hour standoff ended only after the SWAT team used tear gas to force Perez out. During a subsequent search of Perez's apartment, police discovered two handguns hidden in the ceiling tiles.

[7] As a result of these events, the State charged Perez with criminal confinement, kidnapping, strangulation, and battery. A two-day jury trial commenced on March 15, 2016, at the conclusion of which Perez was found guilty of criminal confinement, strangulation, and battery, but acquitted of kidnapping. Perez now appeals.

## Discussion & Decision

[8] Perez challenges the sufficiency of the evidence supporting his convictions. Our standard of review for sufficiency of the evidence claims is well settled.

We consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence will be found sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* at 147. "The uncorroborated testimony of one witness, even if it is the victim, is sufficient to sustain a conviction." *Whitener v. State*, 982 N.E.2d 439, 444 (Ind. Ct. App. 2013), *trans. denied*.

[9] On appeal, Perez has done nothing more than argue that S.L's testimony should not be believed and that we should instead credit other conflicting testimony. We will not indulge this blatant request to reweigh the evidence and judge the credibility of witnesses. S.L. testified to the foregoing facts, and this testimony was sufficient standing alone to support Perez's convictions. Additionally, S.L's testimony was corroborated by the testimony of her mother and the responding officers, as well as photos introduced into evidence of S.L.'s injuries and the handguns discovered during the search of the apartment. Perez's convictions were amply supported by the evidence.

[10] Judgment affirmed.

[11] Riley, J. and Crone, J., concur.